NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAGANDEEP SINGH, | No. 16-72255 |
| Petitioner, | Agency No. A205-585-566 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2018**
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,*** District Judge.

**1.** The Immigration Judge (IJ) denied Gagandeep Singh's claims for asylum

and withholding of removal on the basis of an adverse credibility finding, and the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Board of Immigration Appeals (BIA) upheld that determination. Substantial evidence supports the BIA's conclusion. *See* 8 U.S.C. §§ 1158(b), 1231(b)(3); *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014).

Singh provided inconsistent evidence regarding the type of medical treatment that he received after he was allegedly attacked by members of an opposing political party. *See Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010) (explaining that agency may consider inconsistencies that under the totality of circumstances have bearing on petitioner's veracity). According to Singh, he was attacked twice after he joined the Mann Party in India, and received medical treatment for his injuries both times. Initially, Singh testified that he received pills and a cream after the first attack and stitches and pills after the second attack. However, that testimony is inconsistent with letters from his doctor, which stated that he also received injections both times. When confronted with the letters, Singh changed his testimony and then provided inconsistent explanations for the inconsistency. Additionally, the doctor's letters themselves were of questionable origin. Singh testified that he had lost the doctor's notes from his visits and that his father had to bribe the doctor to obtain the letters that he presented.

The adverse credibility determination is also supported by the IJ's demeanor findings. The IJ found that Singh's demeanor noticeably changed from confident to uncertain when he was confronted with the doctor's letters. According to the IJ,

Singh's demeanor did not give the impression that he had suffered a traumatic event and had difficulty remembering it. Rather, it gave the impression that Singh was reciting a memorized statement and fabricating explanations when confronted with inconsistencies. We accord substantial deference to the IJ's demeanor findings, especially when they are explained with such specificity. *See Shrestha*, 590 F.3d at 1041–42.

Finally, Singh failed to mention many of the death threats that he allegedly received in his otherwise detailed asylum application. Singh also provided inconsistent explanations for this omission. While omissions are generally less probative of credibility than inconsistencies, they may still support an adverse credibility finding. *See Lai*, 773 F.3d at 971.

**2.** Substantial evidence also supports the BIA's determination that Singh is not eligible for relief under the Convention Against Torture. Singh's claim for relief is based on the same testimony that the BIA deemed not to be credible. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). Additionally, Singh's country conditions evidence, which was properly considered by the IJ and the BIA, does not independently establish his eligibility for relief. *See Kamalthas v. I.N.S.*, 251 F.3d 1279, 1282–83 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED.**